UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH L. ESTAY III (#167466)

VERSUS                                      CIVIL ACTION

ANN MARIE LEBLANC EASLEY                    NUMBER 14-321-SDD-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 23, 2014.

                                /s/ Stephen C. Riedlinger
                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH L. ESTAY III (#167466)

VERSUS                                              CIVIL ACTION

ANN MARIE LEBLANC EASLEY                            NUMBER 14-321-SDD-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ann Marie LeBlanc Easley.

### I. Background

Plaintiff alleged that he was convicted on January 7, 2013. Plaintiff alleged that on March 8, 2014, he completed the New Orleans Baptist Theological Seminary program. Plaintiff alleged that according to Department Regulation No. B-04-003, he earned 90 days of education credits for completion of the New Orleans Baptist Theological Seminary program. Plaintiff alleged that he also earned 45 days of education credits for participation in a GED program. Plaintiff alleged that the earned education credits would reduce his sentence and entitle him to immediate release from custody. Plaintiff alleged that Easley refused to give him the earned credits in violation of his constitutional rights.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

## B. Duration of Confinement

Plaintiff's claims regarding the denial of earned education credits must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Plaintiff is placed on notice that unless he can demonstrate that a state court or other authorized tribunal has determined that he has been improperly denied earned education credits, he has no damages claim against any defendant cognizable under § 1983. *See*, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state

3

a claim, the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, May 23, 2014.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE